UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH GRIMES,

    Plaintiff,

v.

KATHY CHISUM,

    Defendant.

Case No. 16-02058 HRL (PR)

**ORDER OF DISMISSAL**

Plaintiff, a state prisoner, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983, against Defendant Kathy Chisum, an employee at Salinas Valley State Prison where Plaintiff was formerly incarcerated. Plaintiff's motion for leave to proceed in forma pauperis will be granted in a separate order.

## DISCUSSION

**A.** <u>**Standard of Review**</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.   Plaintiff's Claims**

Plaintiff claims that Defendant Kathy Chisum refused a doctor's order to issue gloves which were needed for the use of his wheelchair. As a result of the denial, Plaintiff developed painful calluses and sharp pain up both of his arms. Plaintiff seeks monetary damages. (Compl. at 3.)

Plaintiff filed a previous action against the same Defendant under Grimes v. Chisum, Case No. 16-01488 HRL (PR), which is currently pending before this Court. In that case, Plaintiff claimed that Defendant Chisum was deliberately indifferent to his serious medical needs when she repeatedly denied his requests for medically prescribed leather gloves for the use of his wheelchair. Plaintiff sought monetary damages. The Court found Plaintiff stated a cognizable claim under the Eighth Amendment, and ordered that Defendants be served with the complaint.

Duplicative or repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915 as malicious. Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988). An in forma pauperis complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under § 1915. Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); Bailey, 846 F.2d at 1021. An in forma pauperis complaint repeating the same factual allegations asserted in an earlier case, even if now filed against new defendants, therefore is subject to dismissal as duplicative. Bailey, 846 F.2d at 1021; Van Meter v. Morgan, 518 F.2d 366, 368 (8th Cir. 1975).

In the instant action, Plaintiff is seeking leave to proceed in forma pauperis, as he did in the previous action discussed above. See supra at 2. This is now Plaintiff's second in forma pauperis action filed against the same Defendant in which he repeats the same claims. It is therefore subject to dismissal under § 1915 as abusive. See Cato, 70 F.3d at 1105 n.2; Bailey, 846 F.2d at 1021.

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED as duplicative and abusive. See 28 U.S.C. § 1915.

**IT IS SO ORDERED.**

Dated: 7/26/16

HOWARD R. LLOYD
United States Magistrate Judge

Order of Dismissal
PRO-SE\HRL\CR.16\02058Grimes_dism(dup)

3